**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 05 2014, 5:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK I. COX**
The Mark I. Cox Law Office, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAWRENCE DEAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A05-1401-CR-9 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Gregory A. Horn, Judge
Cause No. 89D02-1205-FC-35

**December 5, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Lawrence Dean appeals three convictions of Class C felony child molesting.[1] As there was sufficient evidence he committed those crimes, we affirm.

## FACTS AND PROCEDURAL HISTORY

In the spring of 2012, fourteen-year-old A.T. reported that her grandfather, Dean, had touched her inappropriately from the time she was five years old until she was twelve years old. The State charged Dean with four counts of Class C felony child molesting, with each count covering a different year of A.T.'s life from ages nine to twelve. A jury found Dean guilty of three counts of child molesting. The court imposed three five-year sentences and ordered them served consecutively for an aggregate sentence of fifteen years.

## DISCUSSION AND DECISION

When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the decision. *Drane v. State*, 864 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the decision. *Id.* at 147.

---

[1] Ind. Code § 35-42-4-3(b).

To convict Dean of Class C felony child molesting, the State had to prove Dean, with a child under age fourteen, "perform[ed] or submit[ted] to any fondling or touching, of either the child or the older person, with the intent to arouse or to satisfy the sexual desires of either the child or the older person." Ind. Code § 35-42-4-3(b). Evidence of mere touching is not sufficient to prove Class C felony child molesting. *Bass v. State*, 947 N.E.2d 456, 460 (Ind. Ct. App. 2011), *trans. denied*. The State must prove the "act of touching was accompanied by the specific intent to arouse or satisfy sexual desires." *Id.* That intent "may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points." *Id.*

A.T. testified Dean began touching her inappropriately when she was five or six years old, around the time when her parents divorced. The touching would occur when she was alone with Dean in his house. He would touch the inside and outside of her legs, her inner thighs, her stomach, her chest, and her breasts. She estimated that this happened on twenty to twenty-five occasions.

When A.T. was nine or ten years old, Dean tried to drag her into the bathroom to shower with him after he told her: "If you show me yours I'll show you mine." (Tr. at 155.) A.T. grabbed onto the wall to prevent Dean taking her into the bathroom. Once she broke free of his grasp, she ran out of the house and went back to her mother's home.

When A.T. was eleven years old she was sitting on Dean's bed looking at pictures. Dean pushed her back on the bed, placed his hand under her shirt, rubbed her stomach, and attempted to move his hand up toward her breasts underneath her shirt. A.T. resisted,

3

pushing his hand away from her breasts and getting it out of her shirt. Then, Dean attempted to pull down her pants, but she held them up, rolled off of the bed, and went outside where her siblings were playing.

Dean claims he had no intent to arouse himself or A.T. and he touched A.T. only when they were playing around and wrestling. But the progression of the inappropriate touching to include an attempted shower and the attempted removal of clothing would permit a reasonable jury to infer Dean intended to arouse or satisfy his sexual desires or those of A.T. *See*, *e.g.*, *Archer v. State*, 996 N.E.2d 341, 352 (Ind. Ct. App. 2005) (evidence sufficient when Archer touched child on chest and stomach, both over and under clothing, and once put his fingers inside her vagina), *trans. denied*. Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.

4